**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MCINTOSH,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION *et al.*,<br><br>Defendants. | Civil Action No. 21-18987 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on a Motion to Dismiss filed by Defendants National Railroad Passenger Corporation and Anthony Lepre (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 22.) Plaintiff William McIntosh ("Plaintiff") did not oppose. The Court has carefully considered Defendants' submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion is granted.

**I.   BACKGROUND**

Plaintiff commenced this action on September 21, 2021, in New Jersey Superior Court. (Compl., ECF No. 1-1, Ex. A.) The Complaint asserts one count of negligence against Defendants for injuries Plaintiff suffered as a result of a motor vehicle accident involving Plaintiff and a motor vehicle driven and owned by Defendants. (*Id.* ¶¶ 1-3.) On October 18, 2021, Defendants removed this matter to federal court, pursuant to 28 U.S.C. § 1441. (ECF No. 1.) Defendants filed an Answer on November 11, 2021. (ECF No. 4.)

On March 18, 2022, the Honorable Lois H. Goodman, U.S.M.J., issued a Pretrial Scheduling Order setting forth a discovery schedule (the "Pretrial Scheduling Order"). (ECF No. 9.) On April 1, 2022, Defendants served Plaintiff with initial disclosures and written discovery requests, and Plaintiff served his initial disclosures on June 3, 2022. (Decl. of Sameh N. Awad ("Awad Decl.") ¶¶ 9, 10, ECF No. 22-1; Awad Decl., Ex. C, ECF No. 22-7.)

On June 30, 2022, in correspondence addressed to the Court, Plaintiff's then-counsel, Arjun A. Sharm, Esq., of Fredson Statmore Bitterman, advised the Court that his office had again lost contact with Plaintiff. (ECF No. 11.)[1] Plaintiff had failed to respond to multiple attempts by counsel to reach him through phone calls, letters, text messages, and e-mail correspondence. (*Id.*) As a result, Plaintiff's counsel requested permission from the Court to file a motion to withdraw as counsel in this matter, which the Court granted on July 1, 2022. (ECF No. 12.)[2]

In response to the Motion to Withdraw filed on July 10, 2022, (ECF No. 13), the Court scheduled a telephonic conference on August 11, 2022, and directed Plaintiff and counsel for both parties to appear. (ECF No. 14.) The Court held the first telephonic conference on August 11, 2022, but Plaintiff did not appear. (ECF No. 16.) As a result, the Court rescheduled the conference on the Motion to Withdraw to August 25, 2022, and again, directed Plaintiff and all counsel to

---

[1] Previously, at an Initial Conference held on February 2, 2022, Plaintiff's counsel informed the Court that he had been unable to contact Plaintiff since the Complaint was filed in September 2021. (Awad Decl. ¶ 5.) He indicated his intention to file a motion to withdraw as counsel, which the Court ordered to be filed by February 25, 2022. (ECF No. 6.) Thereafter, in February 2022, Plaintiff's counsel advised the Court that Plaintiff recently contacted his law office and as such, he would continue to represent Plaintiff in this matter. (ECF No. 7.)

[2] Pursuant to a telephone conference held on June 3, 2022, the Court directed Plaintiff's counsel to advise the Court by June 30, 2022, regarding Plaintiff's anticipated medical procedures and recovery time. (ECF No. 10.) According to Plaintiff's then-counsel, Plaintiff was last seen at Prestige Pain Centers on May 19, 2022, when he underwent an epidural injection. (ECF No. 12.) Plaintiff was scheduled for a follow-up appointment on June 7, 2022 to discuss surgery but he did not show up to the appointment nor to the rescheduled appointment on July 5, 2022. (Decl. of Arjun A. Sharma, Ex. A, ECF No. 13-1.)

appear. (ECF No. 17.) Prior to the rescheduled date, Plaintiff's counsel advised Plaintiff of the rescheduled telephonic conference and in response, Plaintiff confirmed that he would appear. (ECF No. 18.)

The Court held the second telephonic conference on August 25, 2022, and Plaintiff again did not appear. (ECF No. 19.) Accordingly, the Court granted Plaintiff's counsel's Motion to Withdraw in a Letter Order dated August 26, 2022 (the "Letter Order"). (Ltr. Order, ECF No. 20.) In the Letter Order, the Court ordered Plaintiff to advise the Court of his intention to proceed with this case *pro se* or to have new counsel enter an appearance on his behalf. (*Id.*) The Court, furthermore, granted Defendants leave to file a motion for the appropriate relief should Plaintiff fail to appear *pro se* or obtain new counsel by September 26, 2022. (*Id.*)

Thereafter, no further contact by Plaintiff, now *pro se*, has been noted by Defendants, or reflected on the record. On September 30, 2022, Defendants filed the instant unopposed motion to dismiss. (ECF No. 22.)

## II. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure,[3] which addresses the involuntary dismissal of an action or claim, states that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute a case does not require that the party take affirmative steps to delay the case. *Taylor v. Bergen Cnty. Jail*, No. 05-343, 2006 WL 2466841, at *2 (D.N.J. Aug. 24, 2006). For instance, failure to comply with court orders, failure to respond to

---

[3] Hereinafter, all references to Rule or Rules refer to the Federal Rules of Civil Procedure.

discovery or other consistent failures to act is sufficient to constitute lack of prosecution. *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994); *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640-41 (1976).

When determining whether or not to dismiss for failure to prosecute under Rule 41(b), courts generally consider the following six factors: (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

Further, in the case of a *pro se* complaint, if a *pro se* plaintiff has been provided with ample opportunity and information to respond to a motion, but nevertheless has continually disregarded his obligations as a litigant, it is not beyond the discretion of the court to dismiss his claim. *Padro v. Heffelfinger*, 110 F.R.D. 333, 335-36 (E.D. Pa. 1986).

### III.   DISCUSSION

Having carefully reviewed and considered the six factors discussed above, the Court is persuaded that Plaintiff's conduct, or lack thereof, warrants final dismissal of this case under Rule 41(b). *See Poulis*, 747 F.2d at 868; Fed. R. Civ. P. 41(b).

The record clearly indicates that Plaintiff has failed to prosecute this action in any meaningful way since he served his initial disclosures in June 2022. During the course of litigation, Plaintiff has failed to meet multiple deadlines and court orders. To date, Plaintiff has not communicated with Defendants, or this Court, and beyond some limited disclosures, has failed to comply with the discovery deadlines set forth in the Pretrial Scheduling Order. Plaintiff has also failed to appear as directed by this Court at two telephonic conferences in August 2022, despite

receiving notice of both conferences and confirming to his then-counsel that he would appear at the second conference. Further, the present motion to dismiss is before the Court as a result of Plaintiff's failure to comply with the Court's Letter Order directing Plaintiff to advise the Court as to whether he would proceed *pro se* or have new counsel enter an appearance on his behalf. (ECF No. 20.) Plaintiff has also failed to respond to the instant motion.

In sum, Plaintiff's failure to respond to any motion or court order, as well as his failure to contact the Court or Defendants demonstrates Plaintiff's pattern of dilatory conduct and willfulness in failing to meet his objections as a plaintiff in a civil action. *See Marcus v. Speziale*, No. 03-3276, 2006 WL 1933470, at *2 (D.N.J. July 11, 2006). Dismissal is therefore warranted.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Dismiss is granted. Plaintiff's Complaint is dismissed with prejudice. An appropriate Order consistent with this Memorandum Opinion will follow.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**